

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

April 21, 2020

<u>VIA ECF</u>
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED** _____
**VERNON S. BRODERICK**
**U.S.D.J.** 4/22/2020

This stay will also toll any applicable statute of limitations regarding Plaintiff's claims. Defendants are directed to file a status update at the conclusion of the stay. The Clerk's Office is directed to mail a copy of this order to the pro se Plaintiff.

   Re: <u>Jason Mason v. City of New York, CO Mayo, CO White, CO Holland, CO Ramirez</u> 19-CV-5450 (VSB)

Your Honor:

  I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendant City of New York in the above referenced matter. The undersigned writes to respectfully 1) update the Court on the status of the Department of Correction's ("DOC") investigation into the alleged incident at issue in this case; 2) request that the Court stay litigation in this matter for 90 days from the date of this filing; and 3) request that the Court include Plaintiff's April 16, 2020 subpoena request in the stay, if granted. This is this Office's second request for a stay of this matter and it is made without Plaintiff's consent, as Plaintiff is currently incarcerated and could not be expeditiously contacted.

  By way of background, Plaintiff alleges that on April 18, 2018 at the George R. Vierno Center on Rikers Island, Defendant officers handcuffed him, held him on the ground, and punched and kicked him without provocation. (ECF No. 2). By Order dated November 27, 2019, Your Honor stayed this case until the conclusion of DOC's investigation into the alleged incident. (ECF No. 22). On April 16, 2020, Plaintiff filed two notices on the Docket—one for a subpoena of "Ms. Kajaji Agency" and one indicating that a subpoena request had been mailed. Neither notice had a document attached to it.

  On April 20, 2020 DOC informed the undersigned that the investigation into the alleged April 18, 2018 incident had formally concluded. However, as the Court is aware, the country is currently grappling with the coronavirus pandemic. On March 7, 2020, Governor Andrew

Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of coronavirus, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with incarcerated *pro se* plaintiffs is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail. The undersigned is not physically present to receive mail sent to the office, and therefore is unable to reliably receive correspondence from incarcerated *pro se* plaintiffs. Moreover, working from home also complicates sending correspondence to incarcerated *pro se* plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

Additionally, working from home makes it difficult to access documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents Defendant from obtaining all the information necessary to, *inter alia*, fully assess cases, respond to Plaintiff's demands, and otherwise conduct regular business.

Finally, DOC is facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court stay litigation in this matter for ninety (90) days from the date of this filing. If the Court grants this request, Defendant asks that Plaintiff's April 16, 2020 subpoena request be included in the stay as well. However, should Your Honor deny the instant stay request, Defendant requests an

opportunity to respond to Plaintiff's subpoena request more fully after Plaintiff's proposed subpoena is filed on the Docket.

      Thank you for your consideration in this matter.

                                          Respectfully submitted,

                                          <u>James R. Murray s/</u>
                                          James R. Murray
                                          Assistant Corporation Counsel
                                          New York City Law Department
                                          100 Church Street, Room 3-183
                                          New York, New York 10007
                                          (212) 356-2372
                                          jamurray@law.nyc.gov

cc:    **BY FIRST CLASS MAIL**
        Jason Mason
        *Plaintiff Pro Se*
        B&C No. 3492001086
        Manhattan Detention Complex
        125 White Street
        New York, NY 10013