

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2021

**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

October 27, 2021

**VIA ECF**
Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Jason Mason v. City of New York, CO Mayo, CO White, CO Holland, and CO Ramirez,</u> 19-CV-5450 (VSB)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for Defendants City of New York, Correction Officers White, Mayo, Ramirez, and Holland ("Defendants") in the above-referenced matter. Defendants write to inform the Court that Defendants incorrectly represented during yesterday's conference that this case was trial ready, as it is not. For the reasons set forth herein, Defendants also respectfully request that the Court endorse the below proposed discovery and briefing schedule. Defendants apologize for not raising these issues during yesterday's conference. This request is made without Plaintiff's consent, as he is currently incarcerated and could therefore not be expeditiously contacted.

    By way of background, Plaintiff alleges that on April 18, 2018 at the George R. Vierno Center on Rikers Island, the Defendant officers handcuffed him, held him on the ground, and punched and kicked him without provocation. ECF No. 2. On October 1, 2020, the Honorable Vernon S. Broderick—the district judge in this matter—set the close of fact discovery to March 29, 2021 and set the close of expert discovery for May 28, 2021. ECF No. 56. On November 25, 2020, Defendants moved to compel discovery responses from Plaintiff on the grounds that they could not depose Plaintiff before receiving Plaintiff's those responses, which included a release for Plaintiff's complete medical records. ECF No. 60. On January 26, 2021, the Court conducted a settlement conference via telephone and scheduled a second settlement conference for March 4, 2021. ECF No. 67. By Order dated January 29, 2021, the Court denied Defendants' November

25, 2021 motion to compel without prejudice and stated that it would address discovery issues to the extent necessary at the next scheduled conference. ECF No. 68.

However, on February 23, 2021, Plaintiff informed Defendants that he had reentered DOC custody, was being quarantined for an indefinite period of time due to the coronavirus pandemic, and would not be able to participate in any conferences until he was released from quarantine. ECF No. 69. On February 25, 2021, Defendants requested that the Court adjourn the March 4, 2021 conference and stay discovery in this matter until the March 4, 2021 settlement conference had been rescheduled. Id. Later that day, the Court adjourned the March 4, 2021 settlement conference sine die and stayed discovery in this matter pending further order from the Court. ECF Nos. 70 and 71. On April 1, 2021, Plaintiff filed a letter stating that he had been released from quarantine. ECF No. 74. By Order dated April 9, 2021, the Court rescheduled the March 4, 2021 settlement conference to June 22, 2021. ECF No. 75. However, the Court did not lift the stay of discovery granted on February 25, 2021 or set a new discovery schedule. Id.

Thereafter, Plaintiff could not be produced for the June 22, 2021 settlement conference because he threw urine and feces at correction officers when they attempted to remove him from his cell. ECF No. 78. Because Plaintiff refused to appear for the June 22, 2021 conference and was intractable in his settlement position after the first settlement conference, Defendants requested on June 24, 2021 that the Court schedule a conference to address outstanding discovery matters—including Plaintiff's by then ongoing refusal to sign an updated medical release—rather than a second settlement conference. ECF No. 78. By Order dated June 25, 2021, the Court scheduled a discovery conference for July 28, 2021. ECF No. 79. During the July 28, 2021 conference, the discussion once again centered around the outstanding medical release from Plaintiff and the Court directed Defendants to mail Plaintiff a medical release narrowly tailored to his alleged eye injuries from 2018 to the present and directed Plaintiff, despite his objections, to sign the release. ECF No. 84.

In spite of the Court's ruling on this issue, Plaintiff nevertheless filed a letter on the Docket objecting a second time to signing an updated medical release on August 19, 2021. ECF No. 91. Defendants responded to Plaintiff's letter on August 27, 2021. ECF No. 93. On August 30, 2021, the Court ordered Plaintiff for the second time to sign a narrowly tailored medical release and mailed him a copy of the release. ECF No. 94. On September 17, 2021 and September 21, 2021, Plaintiff filed two more letters seemingly objecting to signing medical releases, which Defendants responded to on September 24, 2021. ECF No. 97, 98, 100. By Order dated September 27, 2021, the Court scheduled a telephone conference for October 26, 2021. ECF No. 101.

At the October 26, 2021 telephone conference, the Court directed Plaintiff for a third time to sign a narrowly tailored medical release, but did not set a deadline for him to do so. Additionally, the Court asked Defendants whether there were any outstanding discovery issues besides the medical release and whether they intended to move for summary judgment. Defendants responded that there were no other discovery issues and that they did not intend to move for summary judgment at that time. This was inaccurate and Defendants' apologize for this misrepresentation. Based on Defendants' position as conveyed, the Court recommended that this matter be marked as trial-ready. See ECF No. 103. Several hours after the October 26, 2021

conference, Judge Broderick scheduled a telephonic post-discovery conference for November 18, 2021. Id.

Upon further review of the history of discovery in this matter, this case should not be marked as trial ready. Fact discovery in this case had been stayed pending a settlement conference that, as explained above, for various reasons was never held. Moreover, since November 25, 2020—almost one year ago—Defendants have sought to obtain the aforementioned medical release from Plaintiff, receipt of which, as Defendants previously informed the Court, is necessary prior to Defendants' being able to depose Plaintiff. ECF No. 60. Also, although Defendants indicated that they would not be in a position to conduct a trial in this matter until the receipt of Plaintiff's medical records, Defendants neglected to inform the Court that Plaintiff's deposition, too, had not thus been completed. Finally, upon further reflection, Defendants do intend to move for at least partial summary judgment in this matter, with respect to, at a minimum, Plaintiff's Monell claim against the City of New York. Due to the convoluted posture of this case, Defendants failed to raise these issues during the October 26, 2021 conference and again apologize any inconvenience this oversight has caused. Defendants will write separately to the Honorable Judge Broderick to adjourn the November 18, 2021 conference in light of this application.

Because there is currently no discovery schedule in place and Defendants intend to take Plaintiff's deposition and move for at least partial summary judgment upon receipt of Plaintiff's medical records, Defendants respectfully request that the Court endorse the below discovery and briefing schedule:[1]

| Event | Deadline |
| --- | --- |
| Plaintiff's deadline to return the executed medical release contained in the Court's August 30, 2021 Order[2] | November 26, 2021 |
| Deadline to complete discovery | January 25, 2022 |
| Deadline to file motions for summary judgment | February 24, 2022 |
| Deadline to file oppositions | March 28, 2022 |
| Deadline to file replies | April 11, 2022 |

---

[1] Should Plaintiff fail to return the medical release by November 26, 2021, Defendants intend to move to dismiss his case for failure to prosecute.

[2] Defendants mailed another copy of the Court's August 30, 2021 Order to Plaintiff immediately after the October 26, 2021 conference. ECF No. 102.

Thank you for your consideration in this matter.

                                           Respectfully submitted,

                                           <u>James R. Murray s/</u>
                                           James R. Murray
                                           Assistant Corporation Counsel
                                           New York City Law Department
                                           100 Church Street, Room 3-183
                                           New York, New York 10007
                                           (212) 356-2372
                                           jamurray@law.nyc.gov

CC:    **BY FIRST CLASS MAIL**
          Jason Mason
          *Plaintiff Pro Se*
          B&C No. 3492100448
          George R. Vierno Center
          09-09 Hazen St.
          E. Elmhurst, NY 11370

> This matter has been referred to the undersigned for pretrial general management. Accordingly, scheduling matters should be addressed to the undersigned. The Court's prior stay order expired upon the release of the Defendant from quarantine, and notably the docket does not list the case as stayed. Nevertheless, due to Defendant's purported confusion, the stay is lifted and I will adopt the proposed schedule for completion of discovery. Defendant also neglected to advise the court that Plaintiff's deposition was still outstanding. The Plaintiff's deposition should be taken regardless of whether the updated medical release has been provided because the Plaintiff is providing copies of his updated medical records and Defendant has sufficient discovery to conduct that deposition.

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
10/28/2021